NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS CEDERBERG; HAYLEY SHELTON, | No.   20-35907 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-02044-HZ |
| v. | MEMORANDUM* |
| LEGACY HEALTH, an Oregon corporation; LEGACY MERIDIAN PARK HOSPITAL, an Oregon corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted March 8, 2022
Portland, Oregon

Before:  GRABER, BEA, and VANDYKE, Circuit Judges.

On December 25, 2016, James Tylka, Jr. ("Tylka") murdered his wife and fled

the scene in his vehicle. Oregon State Trooper Nicholas Cederberg gave chase and

followed Tylka down a dead-end road. Tylka shot Cederberg twelve times and then

shot himself in the head. Cederberg survived his injuries; Tylka did not.

---

         *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Less than one month earlier, on November 30, 2016, Tylka, a diabetic, was admitted to Legacy Meridian Park Hospital after he attempted suicide by overdosing on insulin. Before he was admitted to the hospital, Tylka told a police officer that he had purchased two knives for the purpose of murdering his wife and child and then killing himself. The hospital employee who performed Tylka's psychiatric evaluation knew of this threat, but approved Tylka for discharge the next day. The approval came after the employee consulted with Tylka for almost three hours and recommended that Tylka receive follow-up mental health treatment.

Cederberg and his wife sued the hospital for negligence under Oregon law, alleging that the hospital's failure to train its employees in the identification of homicidal and suicidal patients, and to hold them for involuntary psychiatric treatment, led to his injuries. The hospital moved for summary judgment on three grounds: (1) the hospital was immune from liability under Oregon Revised Statutes section 426.335(5), (2) the hospital did not owe Cederberg a duty of care, and (3) the hospital's actions were not the cause-in-fact of Cederberg's injuries. The district court, noting that the immunity and causation issues were dispositive, granted summary judgment on those grounds and did not reach the issue of duty.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing the district court's grant of summary judgment de novo, we "may affirm on any ground supported by the record." *Olson v. Morris*, 188 F.3d 1083, 1085 (9th Cir. 1999).

Because the duty and causation issues here are dispositive, we affirm the district court on those grounds, and do not decide whether the hospital is entitled to statutory immunity.

## 1.    Foreseeability

Oregon tort law collapses the traditional common law distinctions among duty, breach, and proximate cause. Those elements of negligence are "subsumed in the question whether the defendant's conduct resulted in a reasonably foreseeable and unreasonable risk of harm" to the plaintiff. *Piazza v. Kellim*, 360 Or. 58, 71 (Or. 2016) (en banc). In *Piazza*, the Oregon Supreme Court, while discussing the concept of foreseeability as a limit on a defendant's liability for the criminal acts of third parties, wrote that "negligence claims arising from third-party criminal acts often involve the defendant's failure to monitor or screen a dangerous third person . . . . In [that] situation, there is a common requirement: a trier of fact must be able to find from concrete facts that a reasonable person in the position of the defendant reasonably would have foreseen that the person . . . posed a risk of criminal harm to persons such as the plaintiff." *Id.* at 81. "[M]ere 'facilitation' of an unintended adverse result, where intervening intentional criminality of another person is the harm-producing force, does not cause the harm so as to support liability for it." *Buchler v. State By ex rel. Or. Corr. Div.*, 316 Or. 499, 511-12 (Or. 1993) (en banc).

Tylka had no history of mental health issues. Additionally, he told the staff at

3

Legacy Meridian that he would follow up with a mental health care provider after his discharge. He shot Cederberg far from the hospital and weeks after the allegedly negligent acts of the hospital occurred. Tylka injured Cederberg, someone he had never threatened before and of whom the hospital was unaware, with a weapon that Tylka did not even own at the time of the alleged negligence. We hold that, from the position of Legacy Meridian and its employees, Tylka's shooting of Cederberg was not reasonably foreseeable.

2.      **Factual Causation**

Under Oregon law, factual causation "generally requires evidence of a reasonable probability that, but for the defendant's negligence, the plaintiff would not have been harmed." *Joshi v. Providence Health Sys. of Or. Corp.*, 198 Or. App. 535, 538-39 (Or. App. 2005). Here, the district court correctly held that the hospital's acts were not the cause-in-fact of Cederberg's injuries. The record shows that during the 24 days between November 30, 2016, and December 25, 2016, Tylka failed to attend the promised follow-up mental heal care, was fired from his job, purchased a firearm, agreed to a divorce, and got into a physical altercation with his previous wife's new partner. Given the passage of time and the numerous independent and intervening events, no reasonable trier of fact could find that Legacy Meridian's acts in releasing Tylka from the hospital were the but-for cause of Cederberg's injuries.

**AFFIRMED.**

4